UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH D. LEE, | ) |
|             Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| TREMONT MORTGAGE TRUST, JOHN L. HARRINGTON, MATTHEW P. JORDAN, WILLIAM A. LAMKIN, JOSEPH L. MOREA, ADAM D. PORTNOY, and RMR MORTGAGE TRUST, | ) ) ) ) ) ) |
|             Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 26, 2021 (the "Proposed Transaction"), pursuant to which Tremont Mortgage Trust ("Tremont" or the "Company") will be acquired by RMR Mortgage Trust ("RMR").

2. On April 26, 2021, Tremont's Board of Trustees (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with RMR. Pursuant to the terms of the Merger Agreement, Tremont's stockholders will receive 0.520 shares of RMR for each share of Tremont they own.

3. On June 9, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Tremont common stock.

9. Defendant Tremont is a Massachusetts corporation and maintains its principal executive offices at 255 Washington Street, Suite 300, Newton, Massachusetts. Tremont's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "TRMT."

10. Defendant John L. Harrington is a trustee of the Company.

11. Defendant Matthew P. Jordan is a trustee of the Company.

12. Defendant William A. Lamkin is a trustee of the Company.

13. Defendant Joseph L. Morea is a trustee of the Company.

14. Defendant Adam D. Portnoy is a trustee of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant RMR is a Massachusetts corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Tremont is a direct lender that provides financing for the capitalization of middle market and transitional commercial real estate properties on a nationwide basis.

18. On April 26, 2021, Tremont's Board caused the Company to enter into the Merger Agreement with RMR.

19. Pursuant to the terms of the Merger Agreement, Tremont's stockholders will receive 0.520 shares of RMR for each share of Tremont they own.

20. According to the press release announcing the Proposed Transaction:

RMR Mortgage Trust (Nasdaq: RMRM) and Tremont Mortgage Trust (Nasdaq: TRMT) today announced that they have entered into a definitive merger agreement pursuant to which TRMT will merge with and into RMRM, with RMRM continuing as the surviving company. The merger is expected to create a more diversified commercial mortgage real estate investment trust, or REIT, focused on middle market transitional bridge loans with assets expected to approach $1 billion when fully invested. The merger is expected to be accretive to distributable earnings in 2022 with the potential to realize annual expense savings of $1.4 million to $1.6 million, or $0.10 to $0.11 per common share, due to the elimination of certain duplicative public company costs. . . .

Under the terms of the merger agreement, each TRMT common share will be converted into 0.520 of one newly issued RMRM common share. Based on the closing prices of RMRM's and TRMT's common shares on Friday, April 23, 2021,

the implied offer price is approximately $6.55 per TRMT common share, which represents a premium of 6% and 9% to the closing price and the volume weighted average price, respectively, for the 30 trading days ending on April 23, 2021. Upon the closing of the merger, RMRM shareholders are expected to own approximately 70% of the combined company's outstanding common shares, while TRMT shareholders are expected to own approximately 30% of the combined company's outstanding common shares. . . .

The merger and other transactions contemplated by the merger agreement and the terms thereof were evaluated, negotiated and recommended, as applicable to each of RMRM's and TRMT's board of trustees by special committees of each of RMRM's and TRMT's board of trustees, respectively, each comprised solely of RMRM's and TRMT's disinterested, independent trustees, respectively, and were separately unanimously approved and adopted by RMRM's and TRMT's independent trustees and by RMRM's and TRMT's board of trustees, with independent trustees unanimously approving the merger and other transactions contemplated by the merger agreement.

The merger is expected to close during the third quarter of 2021, subject to the requisite approvals by RMRM and TRMT shareholders and other customary closing conditions. RMRM's greater than 5% shareholder has agreed to vote in favor of the issuance of common shares in the merger at RMRM's special meeting of shareholders. TRMT's greater than 5% shareholder has agreed to vote in favor of the merger and other transactions contemplated by the merger agreement at TRMT's special meeting of shareholders.

UBS Investment Bank is acting as exclusive financial adviser to the RMRM special committee and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to RMRM (acting through the special committee). Citigroup Global Markets Inc. is acting as exclusive financial adviser to the TRMT special committee and Sullivan & Worcester LLP is acting as legal adviser to TRMT (acting through the special committee).

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

21. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

22. As set forth below, the Registration Statement omits material information.

23. First, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi").

24. With respect to Citi's Dividend Discount Analyses of the Company and RMR, the Registration Statement fails to disclose: (i) the terminal values; (ii) Citi's basis for applying the multiples used in the analyses; and (iii) the individual inputs and assumptions underlying the discount rates.

25. With respect to Citi's Selected Public Companies Analyses of the Company and RMR, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

26. With respect to Citi's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

27. With respect to Citi's illustrative potential pro forma analysis, the Registration Statement fails to disclose: (i) the potential cost savings used in the analysis; and (ii) the extent to which the Proposed transaction could be accretive to the Company's calendar year 2022 estimated distributable EPS and dilutive to the Company's BVPS.

28. With respect to Citi's illustrative theoretical value uplift analysis, the Registration Statement fails to disclose the Wall Street research analysts' estimates used in the analysis

29. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30. Second, the Registration Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

31. The omission of the above-referenced material information renders the Registration Statement false and misleading.

32. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tremont**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Tremont is liable as the issuer of these statements.

35. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

36. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

38. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and RMR

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants and RMR acted as controlling persons of Tremont within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Tremont and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants and RMR was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

45.  RMR also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

46.  By virtue of the foregoing, the Individual Defendants and RMR violated Section 20(a) of the 1934 Act.

47.  As set forth above, the Individual Defendants and RMR had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 29, 2021        **RIGRODSKY LAW, P.A.**

               By: */s/ Gina M. Serra*
                  Seth D. Rigrodsky
                  Timothy J. MacFall
                  Gina M. Serra
                  Vincent A. Licata
                  825 East Gate Boulevard, Suite 300
                  Garden City, NY 11530
                  (516) 683-3516
                  sdr@rl-legal.com
                  tjm@rl-legal.com
                  gms@rl-legal.com
                  vl@rl-legal.com

                  *Attorneys for Plaintiff*